UNITED STATES of America, Plaintiff-Appellee,

v.

Dennis G. MADSEN, Defendant-Appellant.

No. 78–1892.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 25, 1980.

Decided April 28, 1980.

M. David Eckersley, (Wayne L. Black, Salt Lake City, Utah, with him on brief) of Black & Moore, Salt Lake City, Utah, for defendant-appellant.

Francis M. Wikstrom, Asst. U. S. Atty., (with Ronald L. Rencher, U. S. Atty., and Max D. Wheeler, Asst. U. S. Atty., Salt Lake City, Utah, on brief), for plaintiff-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

Defendant sold various art objects to Commercial Liquidators, Inc. (Commercial), but retained physical possession of the goods. Thereafter on three separate occasions he executed security agreements pledging the art objects as collateral in loan transactions. In each case he represented that he had title to the goods, free and clear of all encumbrances. For these acts he was charged and convicted on three counts of knowingly making false statements to federally insured banks for the purpose of influencing the action of the banks extending credit, in violation of 18 U.S.C. § 1014.

Defendant argues the defense of legal impossibility. The argument is based upon Utah statutes which make retention of chattels by a seller for more than a reasonable amount of time after the sale conclusive evidence of fraud against creditors of the seller, and which declare such conveyances void as against the persons defrauded. Utah Code Ann. §§ 25–1–14, 25–1–8 (1976). Defendant contends that, since these statutes make his sale to Commercial fraudulent and void as to the banks, his representations of clear title were not false as to the banks.

Although this argument is imaginative, it cannot withstand scrutiny. Defendant does not deny representing that he owned the collateral free and clear of encumbrances when he had in fact previously sold it. Commercial, and not the defendant, owned the paintings. The fact that Utah law provides a remedy for defrauded creditors does not make the defendant's representations any more truthful. It is the falsity of the statement, not whether the bank may nullify the fraudulent transfer of title, which is relevant under § 1014.

The purpose of § 1014 is to protect lending institutions from deceptive practices. Defendant's claim of clear title was unquestionably deceptive. The false statement prevented the bank from exercising a completely informed judgment about the total value of the security. Without knowing that defendant had actually conveyed title to Commercial, the bank could not take into consideration the cost and delay it would likely incur in reducing this security to usable value. The Utah statutes designed to protect against this kind of fraud do not by some perverse logic make it impossible to commit it. The trial court properly rejected the defense of legal impossibility.

Defendant claims error in the exclusion of certain testimony. This testimony was allegedly relevant to defendant's intent in making the false statements. Here as below defendant primarily urges the admissibility of the evidence to show that he did not intend to cause a loss to the bank or to bring financial benefit to him-

self. The trial court properly recognized that the only intent necessary was an intent to influence the bank, and not an intent to harm the bank or to profit personally.[1] Section 1014 proscribes false statements made "for the purpose of influencing *in any way* the action" of the lending institution (emphasis added). The trial court left open an opportunity for the defense to offer evidence bearing specifically on the properly framed issue of intent. However, the defendant did not clearly and expressly urge admissibility on proper grounds. Under the circumstances we find no reversible error in excluding the proffered evidence.

AFFIRMED.

---

1. We do not believe that the case relied upon by the defendant, *United States v. Niro*, 338 F.2d 439, 440 n.2 (2d Cir. 1964), purports to establish a rule that in any prosecution under § 1014 a purpose to harm the bank or bring financial gain to the defendant must be shown. The footnote in *Niro* merely reproduces a jury instruction given by the district court. Such an instruction is not required by § 1014.